**Elaine STEWART, Plaintiff,**

v.

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP, Defendant.**

**No. 02 Civ. 0911(LAK).**

United States District Court, S.D. New York.

May 20, 2002.

Joseph A. Turco, Spar & Bernstein, P.C., for Plaintiff.

Patrick W. Shea, Zachary R. Osborne, Paul, Hastings, Janofsky & Walker LLP, for Defendant.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Plaintiff, a former employee of the defendant law firm, brings this action for alleged violations of the Family and Medical Leave Act, the Americans With Disabilities Act, and New York State and City law. Defendant moves to dismiss or stay the action pending arbitration.[1]

---

**1.** The Court treats the defendant's motion as one to stay the action pending arbitration, the standard for which is equivalent to the summary judgment standard. *See Endriss v. Ek-* *lof Marine Corp.*, No. 96 Civ. 3137(KMW), 1998 WL 1085911, at *2 (S.D.N.Y. July 28, 1998).

It is undisputed that plaintiff, as a condition of commencing her former employment, signed a broad arbitration agreement with defendant which provides for arbitration of "all claims or controversies ... whether or not arising out of my employment (or its termination), that ... I may have against the Firm.... The claims covered by this Agreement include, but are not limited to, claims for ... discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, or medical condition, handicap or disability); claims for benefits ..., and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following paragraph."[2] None of the exclusions is pertinent here. Accordingly, it is undisputed that the claims raised by the complaint fall within the express terms of the arbitration clause. Plaintiff nevertheless resists enforcement of the arbitration clause on several grounds.

First, plaintiff contends that the arbitration clause is unconscionable because arbitration before the AAA, the forum selected by the clause, would be "an uneven playing field," the plaintiff "must foot half the bill," the forum is biased, the plaintiff has less time to file a claim, the opportunities for discovery are more limited, and any recovery inevitably would be smaller. These contentions are devoid of merit, especially in the context of this case. For one thing, the issue of enforceability of the clause in the first instance is for the arbitrator, as the arbitration clause explicitly provides that the arbitrator has exclusive jurisdiction to resolve any dispute as to whether "all or any part of this Agreement is void or voidable."[3] For another, the specific contentions with respect to the fairness of the arbitral tribunal are exaggerated or spun out of whole cloth. For example, while there is a one year limitations period in the clause, there is no limitations issue in this case.[4] The suggestion that an arbitration clause is unconscionable because discovery either is unavailable or more limited in arbitration than in litigation is preposterous, doubly so here in light of the fact that this clause permits a deposition on each side as a matter of right and permits the arbitrator to afford more discovery if appropriate. There is no basis for concluding that the AAA is a biased forum[5] and no basis for assuming that any damage recovery necessarily would be more limited there.

■ The only specific contention that has even a glimmer of support is the assertion regarding plaintiff's possible liability for costs, and even that is vastly overstated because the enforceability of the cost sharing provision as well as the amount of any award in that respect are for the arbitrator, thus demonstrating that it by no means is inevitable that plaintiff would be forced to pay any costs at all,

2. Zapp Aff. Ex. A.

3. *See, e.g., First Options, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (parties may agree to submit issues of arbitrability to the arbitrator; courts should honor this decision when there is clear and unmistakable evidence of their intent).

4. *See* Def. Reply Mem. 3 (acknowledging that there is no statute of limitations issue in this case because plaintiff's claims have been raised in a timely manner).

5. Plaintiff submitted a letter from the National Employment Lawyers Association ("NELA") to William Slate of the AAA as supposed proof that the AAA is not a neutral forum. *See* Pl. Mem. Ex. C. This one letter, itself potentially slanted by the NELA's economic and political agenda, amounts to proof of nothing but the letter writer's own opinion.

much less costs in excess of her means.[6] The assertion that the cost sharing provision *per se* invalidates the entire agreement is not supported either by the law of this Circuit or by the better considered authorities elsewhere.[7]

In *Green Tree Financial Corp. v. Randolph,*[8] the Supreme Court recently recognized that "the existence of large arbitration costs could preclude a litigant ... from effectively vindicating her federal statutory rights in the arbitral forum."[9] The Court went on to conclude, however, that "where ... a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs."[10] While the Supreme Court suggested that some showing of individualized prohibitive expense is necessary to invalidate an arbitration agreement, the Court did not decide "[h]ow detailed the showing of prohibitive expense must be before the

party seeking arbitration must come forward with contrary evidence."[11] In a meticulously reasoned opinion subsequent to *Green Tree,* the Fourth Circuit held that the proper inquiry is a "case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether that cost differential is so substantial as to deter the bringing of claims."[12]

Here, plaintiff has made no particularized showing whatsoever.[13] Besides reference to general arbitration cost figures discussed in an entirely different case,[14] plaintiff has not attempted to demonstrate what fees reasonably might be imposed here. Nor has she submitted any proof as to her ability to pay or proffered any evidence regarding her expected costs in litigation for purposes of analyzing the cost differential between arbitration and litigation. Accordingly, plaintiff has not estab-

6. *See, e.g., Arakawa v. Japan Network Group,* 56 F.Supp.2d 349, 355 (S.D.N.Y.1999) (rejecting plaintiff's argument that fee splitting rendered arbitration agreement void when, at the relevant point in the litigation, it was not clear how large fees would be or whether plaintiff would be required to pay any portion of them, and it was therefore impossible to determine whether payment of fees would constitute a barrier to vindication of plaintiff's statutory rights).

7. *See, e.g., Bradford v. Rockwell Semiconductor Sys., Inc.,* 238 F.3d 549, 553–57 (4th Cir. 2001); *Williams v. Cigna Fin. Advisors, Inc.,* 197 F.3d 752, 763–64 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1833, 146 L.Ed.2d 777 (2000); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 170 F.3d 1, 16 (1st Cir.1999); *Koveleskie v. SBC Capital Mkts., Inc.,* 167 F.3d 361, 366 (7th Cir.), *cert. denied,* 528 U.S. 811, 120 S.Ct. 44, 145 L.Ed.2d 40 (1999); *Hale v. First USA Bank, N.A.,* No. 00 Civ. 5406(JGK), 2001 WL 687371, at *3 (S.D.N.Y. June 19, 2001); *Arakawa,* 56 F.Supp.2d at 354–55; *Howard v. Anderson,* 36 F.Supp.2d 183, 186–87 (S.D.N.Y.1999); *but see Martens v. Smith Bar-*

*ney, Inc.,* 181 F.R.D. 243, 255–56 (S.D.N.Y. 1998) (indicating in *dicta* that an agreement to arbitrate Title VII claims that calls for plaintiff to pay fees is unenforceable).

8. 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

9. *Id.* at 90, 121 S.Ct. 513.

10. *Id.* at 92, 121 S.Ct. 513.

11. *Id.* One thing that is certain, however, is that "the 'risk' that [a plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Id.* at 91, 121 S.Ct. 513.

12. *Bradford,* 238 F.3d at 556.

13. *See, e.g., Hale,* 2001 WL 687371, at *3–4 (rejecting plaintiff's challenge to arbitration clause because plaintiff failed to demonstrate inability to pay the contemplated fees).

14. *See* Pl. Mem. 6.

lished that the arbitration clause should not be enforced because the fees she would have to pay for arbitration effectively would deny her "an adequate and accessible substitute forum in which to resolve [her] statutory rights,"[15] much less that it renders the entire agreement to arbitrate unenforceable.

Finally, the suggestion that the agreement is unenforceable because plaintiff was obliged to agree to it as a condition of her employment is without merit in light of *Circuit City Stores, Inc. v. Adams*[16] and *Gilmer v. Interstate Johnson Lane Corp.*[17] *Brennan v. Bally Total Fitness*,[18] is distinguishable in view of the facts that the agreement in that case was forced upon the plaintiff after the dispute arose rather than prior to the acceptance of the employment and was obtained in manifestly unfair circumstances.[19] Here, in contrast, plaintiff acknowledged in writing that she entered into the agreement voluntarily, that she was given an opportunity to consult with private legal counsel before doing so, and that she had availed herself of that opportunity to whatever extent she so wished.[20]

For the foregoing reasons, the motion to dismiss or, alternatively, to stay this action pending arbitration is granted to the extent that the action is stayed pending arbitration, placed on the suspense docket pending that event, and administratively closed.

SO ORDERED.

---

15. *Bradford,* 238 F.3d at 556.

16. 532 U.S. 105, 112–19, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001).

17. 500 U.S. 20, 23–25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

18. 198 F.Supp.2d 377 (S.D.N.Y. 2002).

19. *See id.* at 378 – 79.

20. Def. Mem. Ex. 1.